UNITED STATES of America, Appellant,

v.

Nicholas DiGIRLOMO et al., Appellees.

No. 76–1417.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1976.

Decided March 1, 1977.

---

Before GIBSON, Chief Judge, MARKEY,* and STEPHENSON, Circuit Judge.

STEPHENSON, Circuit Judge.

This appeal is taken from an order of the district court [1] entered April 21, 1976, suppressing evidence obtained by electronic surveillance of appellees. The district court found that the appellees were served with notice of the interception almost 20 months after the statutory deadline.[2] Following the authority of *United States v. Civella,* 533 F.2d 1395 (8th Cir. 1976), the district court suppressed the wiretap evidence. This court held in *Civella,* relying in part upon the Sixth Circuit's decision in *United States v. Donovan,* 513 F.2d 337 (6th Cir. 1975), that wiretap evidence must be suppressed when no effort was made to comply with the inventory requirements of the statute and actual notice was not received until nearly two years after the authorized wiretap had come to an end.

In oral as well as written argument before the court, the government urged that the disposition of this appeal should be deferred pending the Supreme Court's decision in *Donovan.*[3] We agreed to do so. On January 18, 1977, the Supreme Court handed down its decision in *United States v. Donovan,* —— U.S. ——, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977). We must decide the effect of the *Donovan* decision on this appeal.[4]

On October 5, 1973, and November 6, 1973, the district court entered orders pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18

John J. Klein, U.S. Dept. of Justice, Crim. Div., Appellate Section, Washington, D.C., for appellant; Bert C. Hurn, U.S. Atty., Kansas City, Mo., William E. Zleit and David B. B. Helfrey, Sp. Attys., Dept. of Justice, Kansas City, Mo., Mervyn Hamburg, Washington, D.C., on brief.

Joel Pelofsky, Kansas City, Mo., argued for appellees and filed brief for appellee, DiGirlomo; David W. Kierst, Jr., Kansas City, Mo., filed brief for appellee, Gulotta.

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

2. The statutory deadline for the service of notice is found in 18 U.S.C. § 2518(8)(d) and reads in pertinent part as follows:

   Within a reasonable time but not later than ninety days after the * * * termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory * * *.

3. The government's petition for certiorari in *Donovan* had been granted on February 23, 1976.

4. Both parties have been given the opportunity to submit briefs on the question of the effect of the *Donovan* decision.

U.S.C. § 2510, *et seq.*) authorizing the interception of wire communications of certain named individuals. On April 11, 1974, the government identified to the district court 27 individuals whose wire communications had been intercepted pursuant to the district court's orders. Although appellees were among those persons who had been overheard, the government, for unknown reasons at this point, failed to report their names to the court. On April 15, 1974, pursuant to 18 U.S.C. § 2518(8)(d), the district court ordered that inventory notice be served on all 27 individuals.[5] As appellees' names were not originally reported to the district court by the government, they were not served inventory notice.

On December 10, 1975, the grand jury returned an indictment charging appellees and seven others with having conducted an illegal gambling business in violation of 18 U.S.C. § 1955. On January 5, 1976, appellees and their co-defendants filed a joint motion to suppress intercepted wire communications and all other evidence obtained as a result of the interception on various grounds, including failure to serve timely inventory notice. The motion also sought, *inter alia,* the discovery of all tapes, logs and records concerning the intercepted wire communications. Subsequently, these were made available by the government to each defendant. After a hearing on the joint motion to suppress, the district court suppressed as to appellees all evidence resulting from electronic surveillance conducted pursuant to the October 5 and November 6 orders. The district court held that under *United States v. Civella, supra,* it was required to suppress the evidence since the appellees had not been served with timely notices of the interception. This appeal by the government followed.

■ At the outset we note that the government argues that its failure to inform the district court that appellees were

overheard, which, in turn, resulted in the appellees' failure to receive inventory notice, violated neither the letter nor the purpose of Title III of the Omnibus Crime Control Act. The teachings of *Donovan,* however, are contrary. There it was stated that "where * * * the Government chooses to supply the issuing judge with a list of all identifiable persons rather than a description of the classes into which those persons fall, the list must be complete." *United States v. Donovan, supra,* 97 S.Ct. at 670. We therefore hold that the government did not comply adequately with section 2518(8)(d), since the names of the appellees were not included on the purportedly complete list of identifiable persons submitted to the issuing judge.

■ This is not to say, however, that the wiretap evidence should be suppressed. Section 2515 prohibits the use of wiretap evidence at trial "if the disclosure of that information would be in violation of this chapter." Section 2518(10)(a) enumerates the following circumstances which actuate suppression under section 2515:

(i) the communication was unlawfully intercepted;

(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

(iii) the interception was not made in conformity with the order of authorization or approval.

The appellees argue that noncompliance with the inventory notice requirements of section 2518(8)(d) results in the communication being unlawfully intercepted. The Supreme Court has rejected this argument by stating:

Nothing in the structure of the Act or this legislative history suggests that incriminating conversations are "unlawfully intercepted" whenever parties to those conversations do not receive discretionary inventory notice as a result of the

5. Service of the 90-day inventory required by 18 U.S.C. § 2518(8)(d) was postponed by the district court until April 24, 1974. The extension of time was requested by the government

to prevent premature disclosure of the interception from compromising the continuing investigation of the gambling operation.

Government's failure to inform the District Court of their identities.

*United States v. Donovan, supra,* 97 S.Ct. at 673. Therefore, the fact that discretionary notice reached 27 rather than 30 identifiable persons does not in itself mean that the conversations were unlawfully intercepted. It follows that the judgment of the district court must be vacated.

However, in *Donovan,* counsel for respondents conceded at oral argument that the government's failure to name the respondents in the proposed inventory order was not intentional. The Court indicated that the question of whether suppression would be an available remedy if the government knowingly sought to prevent the district court from serving notice on particular parties was left undecided. This type of inquiry was unnecessary under the *Civella* rationale and the record before us is understandably undeveloped on this issue.

■ Furthermore, the Court in *Donovan* noted that the respondents were not prejudiced by their failure to receive post-intercept notice as the government had made available to all defendants the intercept orders, applications and transcripts of the intercepted conversations. Even though appellees here received access to all intercept papers and transcripts at the same time as their co-defendants, they still maintain they were prejudiced as a result of their failure to receive post-intercept notice. Again, under the rationale of *Civella,* the trial court did not have reason to decide the issue of prejudice. Under *Donovan,* however, this inquiry now becomes pertinent. In light of the *Donovan* decision, the appellees are entitled to a hearing on the issues of inadvertence and prejudice.[6]

The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

---

6. The appellees in their supplemental brief suggest that in light of *Donovan* the cause should be remanded for a hearing on the issue of probable cause for naming the defendants in the wiretap applications. In light of the district court's finding that "all of the evidence, cumulative, as to any one of the defendants would not have constituted probable cause for the wiretaps or oral electronic surveillance of these defendants," we leave to its discretion the necessity of any further hearing on this issue.